IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02892-RM-MJW

JULIE BERSHAS,

Plaintiff(s),

v.

CITIMORTGAGE, INC.,

Defendant(s).

---

**RECOMMENDATION OF
DISMISSAL WITH PREJUDICE AND AWARD OF DEFENDANT'S REASONABLE
EXPENSES, INCLUDING ATTORNEY FEES, BASED UPON PLAINTIFF'S
REPEATED FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO
COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case entered by Judge Raymond P. Moore on October 28, 2013 (Docket No. 3).

During a Status Conference held on November 13, 2013, this court set a Scheduling Conference on December 11, 2013, at 10:30 a.m.  (Docket No. 8).  The pro se plaintiff was present in person at that Status Conference and thus had actual notice of the Scheduling Conference.  Furthermore, plaintiff was mailed a copy of the Courtroom Minutes/Minute Order from the Status Conference in which this court ordered that the Scheduling Conference be held on December 11, 2013, at 10:30 a.m. (Docket No. 8).  Plaintiff's copy of that document was not returned as undeliverable by

the U.S. Postal Service.

Plaintiff, however, failed to appear as directed for the December 11, 2013, Scheduling Conference. The court waited until 10:50 a.m. to commence the conference, which adjourned at 11:09 a.m., yet plaintiff did not appear. In addition, she did not seek a continuance, nor did she even telephone the court at the time set for the conference. The court notes that the weather was sunny and clear at the time of the conference, and the roads were clear. Defense counsel appeared as directed.

This court thus issued an Order to Show Cause outlining the above, setting forth the provisions of Fed. R. Civ. P. 41(b), 16(f), 37(b)(2)(A) (ii)-(vii), and D.C.COLO.LCivR 41.1, and setting a Show Cause Hearing on January 22, 2014, at 10:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. Plaintiff was ordered to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon her failure to appear, failure to prosecute, and failure to comply with the court's order and why other sanctions should not be imposed, including imposition of the defendant's attorney fees and costs and a finding and order of contempt. (Docket No. 16). A copy of that Order to Show Cause was mailed to the plaintiff at her address of record. That copy was not returned to the court by the U.S. Postal Service as undeliverable.

Plaintiff, however, once again failed to appear on January 22, 2014, at 10:30 a.m. as ordered by this court. Defense counsel once again appeared in person. The court notes that the weather was sunny and clear at the conference, and the roads were clear. Yet again, plaintiff did not seek a continuance, nor did she even telephone the

3

court at the time set for the conference. Defense counsel advised the court that after the previous conference, he attempted to call the plaintiff twice regarding initial disclosures, but she did not return his calls. In addition, he e-mailed plaintiff last night, but he did not receive a response.

As this court stated in the Order to Show Cause, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or

4

>  (vii) treating as contempt of court the failure to obey any order
>  except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

The court further notes that plaintiff has not filed a response to Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 10), which was filed over seven weeks ago on December 3, 2013.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's repeated failure to appear, her failure to prosecute, and her repeated failure to comply with the court's orders. It is further

**RECOMMENDED** that pursuant to Fed. R. Civ. P. 16(f)(2), plaintiff be directed to

5

pay the reasonable expenses, including attorney's fees, defendant incurred as a result of plaintiff's failure to appear on December 11, 2013, and January 22, 2014, unless she can show that her noncompliance with the court's orders to appear was substantially justified or there are other circumstances which make such an award unjust.  It is further

**RECOMMENDED** that if the above recommendation of dismissal is approved, that the Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 10) be denied as moot.


Dated:  January 22, 2014                              s/ Michael J. Watanabe
            Denver, Colorado                              Michael J. Watanabe
                                                                        United States Magistrate Judge